UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arnulfo Hernandez**, | No. 16-cv-727 SVW (SPx) |
| Plaintiff, | **Protective Order** |
| – v. – | Discovery Matter |
| **One Unknown Agent of the Department of Alcohol, Tobacco, Firearms and Explosives**, **United States of America**, and **Does 1–10**, | Honorable Sheri Pym<br>United States Magistrate Judge |
| Defendants. | [NOTE THAT COURT STRUCK A PROPOSED PARAGRAPH ON PAGE 3] |

The Court, having read and considered the parties' joint stipulation for protective order, and for the reasons stated in the joint stipulation and for good cause shown,

**It is hereby ordered** that the United States is permitted to produce: (1) audio recordings of interviews from the San Bernardino County Sheriff's Department investigation of the shooting; (2) San Bernardino County Sheriff's Department report on the shooting, including attachments; (3) Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Shooting Review Board report on the shooting, including attachments; (4) ATF and Federal Law Enforcement Training Centers policies on use of force and search warrants; (5) use of force and fraud investigation reports involving the ATF agent;

1

(6) the training records of the ATF agent involved in the shooting (hereinafter referred to as Protected Material).

Protected Material will be designated by stamping "confidential" on the pages of the document.

Protected Material will be redacted before disclosure to remove personally identifiable information except for first and last names, any personally identifiable information of the plaintiff, and any addresses and phone numbers of witnesses other than law enforcement employees and confidential informants.

Plaintiff's counsel will use Protected Material for purposes of this case only and will not use it for any other purpose.

Protected Material shall be disclosed only to:

    a.    Counsel of record for the parties in this case; and

    b.    Expert witnesses retained by the parties, provided that they execute the attached agreement to be bound by protective order in the form attached hereto as Exhibit A, the executed original of which shall be retained by counsel of record for the party who has retained the expert witness.

Protected Material may not be given to the plaintiff. Plaintiff's counsel may discuss with the plaintiff the contents of the audio recordings of interviews from the San Bernardino County Sheriff's Department investigation of the shooting and the San Bernardino County Sheriff's Department report on the shooting, including attachments, provided that the plaintiff first executes the attached agreement to be bound by protective order and the executed agreement is filed on the docket. Plaintiff's counsel may not discuss with the plaintiff the contents of the ATF Shooting Review Board report on the shooting, including attachments, the ATF and Federal Law Enforcement Training Centers policies on use of force and search warrants, use of force and fraud investigation reports involving the ATF agent, or training records of the ATF agent.

No party shall lodge or file documents, pleadings, transcripts, or other materials in this case containing or disclosing Protected Material without first seeking and obtaining

Court approval to lodge or file the Protected Material under seal under Local Rule 79-5.1.

Within 30 days of the termination of this case (including any appeals), plaintiff's counsel of record shall return to the United States' counsel of record all originals or duplicates (as defined by Federal Rule of Evidence 1001) of Protected Material, not including documents filed with the Court. Within that period, plaintiff's counsel of record shall also certify to the Court in writing that all Protected Material has been returned to the United States. If plaintiff's counsel of record fails to do so, the United States may file a notice of noncompliance to obtain from the Court an order to show cause why sanctions should not be imposed.

This order permits the United States to produce Protected Material, but does not require production.

This stipulated protective order is not intended to affect the rights of any party to object to discovery under the Federal Rules of Civil Procedure or any other authority; nor is it intended to alter any burden of proof regarding any assertion of privilege.

Nothing in this stipulated protective order shall prohibit a party from seeking further protection against disclosure of Protected Material.

Nothing in this stipulated protective order waives the United States' right to use, disclose, or disseminate the Protected Material in accordance with the Privacy Act or other statutes, regulations, or policies.

This stipulated protective order does not constitute a ruling on whether any particular document or category of information is properly discoverable or admissible and does not constitute a ruling on any potential objection. Other than the documents and information explicitly set forth herein, this stipulated protective order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this stipulated protective order shall not be precedent for adopting any procedure with respect to the disclosure of any other information.

Inadvertent production or disclosure of any information or documents that a party

asserts are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection shall not constitute, or be a factor suggesting, waiver of such privilege or protection as to the information or documents inadvertently disclosed, or as to any other undisclosed privileged or protected information or documents concerning the same subject matter. Inadvertent production of any Protected Material not marked "confidential" shall not constitute a waiver of any claim of confidentiality as to that Protected Material. In the event of inadvertent production or disclosure, the United States may provide written notice to plaintiff's counsel identifying the information or documents inadvertently disclosed. Within five business days of receipt of such notice, plaintiff's counsel and any other individual who received such allegedly privileged or protected information or documents shall return to the United States all such information or documents, and all copies thereof, in his or her possession.

Dated: May 3, 2017

_____
Honorable Sheri Pym
United States Magistrate Judge

Presented by:
GIRARDI | KEESE

    /s/ *Nicole DeVanon*
Thomas V. Girardi
Nicole F. DeVanon

THE COCHRAN FIRM CALIFORNIA

    /s/ *Megan R. Gyongyos*
Brian T. Dunn
Megan R. Gyongyos

Attorneys for Plaintiff Arnulfo Hernandez

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
AUSA, Chief, Civil Division

ROBYN-MARIE MONTELEONE
AUSA, Chief, Gen. Civil Section

   /s/ *Garret Coyle*
GARRET COYLE
Assistant United States Attorney

Attorneys for Defendant U.S.A.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Arnulfo Hernandez**,<br><br>                    Plaintiff,<br><br>– v. –<br><br>**One Unknown Agent of the Department of Alcohol, Tobacco, Firearms and Explosives, United States of America**, and **Does 1–10**,<br><br>                    Defendants. | No. 16-cv-727 SVW (SPx)<br><br>**Agreement To Be Bound By Protective Order**<br><br>Honorable Stephen V. Wilson<br>United States District Judge |

The undersigned, having read and fully understood the terms of the protective order entered by the Court in the above-captioned case, hereby agrees to be bound thereby. The undersigned agrees that Protected Material, as defined in the joint stipulation for protective order, may be used only in this case and not for any other purpose. The undersigned agrees not to disseminate or disclose Protected Material or the contents thereof.

Dated: _____, 2017

_____
Name

_____
Signature